**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

**CIVIL ACTION NO. 06-108 (WOB)**

**STEPHEN MANN** **PLAINTIFF**

**VS.** **MEMORANDUM OPINION AND ORDER**

**KAREN LINN, ET AL** **DEFENDANTS**

This matter is before the court on defendants' motions to dismiss (Doc. ##4, 12) and plaintiff's motion to amend the complaint (Doc. #31).

The court previously held oral argument on the motions to dismiss, after which plaintiff was given leave to retain new counsel. The parties were also given leave to file supplemental briefs on the issues raised in defendants' motions to dismiss. Since then, plaintiff has filed a motion for leave to amend the complaint, to which defendants have responded.

The court has reviewed this matter and concludes that no further hearing is necessary. The court thus issues the following Memorandum Opinion and Order.

***Factual and Procedural Background***

Plaintiff Stephen Mann ("Mann") is a resident of Burlington, Kentucky. On or about December 1, 1999, the Kenton County District Court entered a Domestic Violence Order ("DVO") restraining certain actions by Mann, including the purchase,

ownership, and possession of firearms by him. (Compl. ¶ 1) On or about November 25, 2002, the Kenton County court amended the DVO to lift the firearm restrictions. (Compl. ¶ 11)[1] The DVO expired on December 1, 2005. (Compl. ¶ 9)

Mann filed this action on May 30, 2006, alleging that defendants "failed to properly record and advise law enforcement agencies of the amended status of the Domestic Violence Order" and that such failure "has resulted in the repeated and continuing violation of the Plaintiff's constitutional rights." (Compl. ¶ 12) Mann's complaint asserts four claims: (1) Violation of the Second Amendment; (2) Violation of the Fifth and Fourteenth Amendments; (3) Violation of the Fourth and Fourteenth Amendments; and (4) Intentional Infliction of Emotional Distress.

In the proposed Amended Complaint, Mann alleges the same four causes of action but includes additional factual allegations regarding his attempts to purchase firearms which were allegedly unsuccessful due to the fact that the amended DVO had not been properly recorded. He also alleges that firearms that he did possess were unlawfully seized on May 16, 2005 by the Boone County Sheriff's Department. (Proposed Am. Compl. ¶ 52)[2]

---

[1]The DVO in question was obtained by Mann's sister. The firearm restriction was lifted because the sister and Mann were not "intimate partners," which is a predicate to the firearm restrictions under the Brady Bill. *See* 18 U.S.C. § 922(g).

[2]The May 16, 2005 seizure of Mann's guns was the subject of a separate action he filed in this court, *Mann v. Helmig*, Cov.

***Analysis***

The statute of limitations applicable to Mann's claims under 42 U.S.C. § 1983 is one-year. *See Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005).

Mann filed this action on May 30, 2006. (Doc. #1) However, none of the actions on which his claims are based occurred during the one-year period preceding that date.

KRS 403.770(2) requires the clerk of court to forward orders, such as the amended DVO at issue in this matter, to the appropriate agency within twenty-four hours of their filing with the clerk. Plaintiff alleges that the DVO in question was amended by order dated November 25, 2002, but was not forwarded, as required by statute, within the next twenty-four hours. (Compl. ¶ 11) This action was not filed until May 30, 2006, well more than one year later.

Plaintiff argues that the "continuing violation" doctrine applies to make his claims timely, since this action was filed within one year of December 1, 2005, the date on which the amended DVO expired. Plaintiff cites to *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516 (6th Cir. 1997), as support for this argument.

In *Kuhnle*, the Sixth Circuit held that the continuing

---

Civil Action No. 05-153. On March 30, 2007, the court granted defendant's motion for summary judgment in that case, and the matter is now on appeal. (Sixth Circuit Case. No. 07-5549)

violation doctrine applied to a substantive Due Process claim for deprivation of liberty based on a county's continued enforcement against the plaintiff trucking company of an ordinance restricting the company from using certain roads. *Id.* at 521-22. The court held that the ordinance actively deprived the company of its asserted constitutional right "every day that it remained in effect" and thus worked an "ongoing violation of constitutional rights." *Id.* at 522.

Plaintiff's claim here is distinguishable. The basis for his claim -- the alleged failure to record and forward the amended DVO -- was established as soon as twenty-four hours had passed without the clerk of court forwarding the order to the specified law enforcement agency. Even if this constituted a violation of plaintiff's constitutional rights – a question on which this court finds it unnecessary to opine – such violation was complete as soon as that time period had passed.

The new factual allegations in the proposed Amended Complaint do not change this result. Therein, plaintiff alleges that he was denied permission to purchase guns on June 12, 2003 and August 6, 2004. (Prop. Am. Compl. ¶¶ 40, 46) These dates are also outside the one-year statute of limitations and, moreover, the events would not form an independent basis for plaintiff's claims as they are merely continuing effects of an allegedly unlawful act. *See generally Ledbetter v. Goodyear Tire*

*and Rubber Co., Inc.*, – S. Ct. -, No. 05-1074, 2007 WL 1528298, at *5-*6 (May 29, 2007) (discussing Supreme Court jurisprudence in employment discrimination context holding that continued adverse effects of past discriminatory act may not form basis for timely cause of action where claim is filed beyond limitations period running from unlawful act itself)

Finally, insofar as the proposed amended complaint alleges that weapons in plaintiff's possession were unlawfully seized by the Boone County Sheriff's office on May 16, 2005, the claim would be futile for at least two reasons. First, because that date also falls outside the one-year period preceding the filing of this action, a § 1983 claim premised on the seizure would be untimely.

Second, that claim was the basis for another lawsuit filed by Mann in this court, referenced above, which was dismissed and is now on appeal. As such, the proposed claim is barred by *res judicata*. *See generally Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 527 (6th Cir. 2006) (discussing elements of *res judicata*).

In sum, plaintiff's § 1983 claims are barred by the statute of limitations, and the proposed amendments to the complaint would be futile. The court will decline to exercise its supplemental jurisdiction over plaintiff's state law claim for intentional infliction of emotional distress, and that claim will

be dismissed without prejudice.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that (1) defendants' motions to dismiss (Doc. ##4, 12) be, and are hereby, **GRANTED**, and plaintiff's federal claims (Counts I through III) be, and are hereby, **DISMISSED WITH PREJUDICE**; (2) plaintiff's motion to amend the complaint (Doc. #31) be, and is hereby, **DENIED**; and (3) plaintiff's claim for intentional infliction of emotional distress (Count IV) be, and is hereby, **DISMISSED WITHOUT PREJUDICE.** A separate judgment shall enter concurrently herewith.

This 4th day of June, 2007.




**Signed By:**
***William O. Bertelsman*** WOB
**United States District Judge**